THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| **MSHC, INC., d/b/a SERVICE LOGIC,** | ) | Case No. 3:26-cv-00517 |
| **Plaintiff,** | ) | |
| **v.** | ) | **DEFENDANT'S MOTION TO DISMISS, AFFIRMATIVE DEFENSES, AND ANSWER** |
| **IVANILDO NORBERTO DA SILVA,** | ) | **(Jury Trial Requested)** |
| **Defendant.** | ) | |

**NOW COMES** the Defendant, Ivanildo Norberto da Silva ("Defendant"), by and through the undersigned counsel, and hereby alleges, states, and shows unto this Court as follows:

**MOTION TO DISMISS**
*Fed. R. Civ. P. 12(b)(6)*

The claims alleged by Plaintiff against Defendant fail to state claims upon which relief can be granted under the facts, circumstances, and governing law, and accordingly, should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), including, *inter alia*, Plaintiff's requests for temporary restraining order, preliminary injunction, and permanent injunction.

**FIRST AFFIRMATIVE DEFENSE**
*General Denial*

Each allegation of Plaintiff's claims not specifically admitted by Defendant is hereby denied.

**SECOND AFFIRMATIVE DEFENSE**
*Lack of Causation and Damages*

Plaintiff's claims are barred or limited because Defendant did not cause Plaintiff any cognizable loss or irreparable harm. Plaintiff has not identified any customer, project, bid, employee, revenue, asset, or business relationship diverted from Plaintiff to HMI.

**THIRD AFFIRMATIVE DEFENSE**
*Unclean Hands*

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**
*Ratification*

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of ratification.

**FIFTH AFFIRMATIVE DEFENSE**
*Waiver*

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**
*Estoppel*

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**
*Lack of Fiduciary Relationship*

Plaintiff's breach of fiduciary duty claim fails because Defendant was not a member of Plaintiff's board, was not a corporate director of Plaintiff, and did not exercise dominance or control over Plaintiff when the HMI opportunity was sourced or when the Stock Purchase Agreement was executed. As Director of Operational Accounting, no employees reported to Defendant, and his duties consisted of financial accounting and financial analysis. Defendant's later promotion to Group Chief Financial Officer occurred after the March 12, 2026, HMI closing and did not involve acquisition sourcing or target selection.

## EIGHTH AFFIRMATIVE DEFENSE

*No Irreparable Harm / Disproportionate Equitable Relief*

Plaintiff cannot establish irreparable harm warranting divestiture or other extraordinary equitable relief. Defendant denies diverting any Plaintiff customer, employee, project, bid, or revenue to HMI; HMI's operations, customers, and construction-heavy business existed before Defendant's acquisition; and monetary relief would be adequate for any injury Plaintiff could prove.

## FURTHER AFFIRMATIVE DEFENSES

Defendant reserves the right to assert such other affirmative defenses as may become available through discovery and in defense of this Action.

## ANSWER

1. Admitted, upon information and belief.

2. Admitted.

3. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, admitted, upon information and belief, that this action involves citizens of different states. Except as expressly admitted, Denied.

4. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, admitted, upon information and belief, for purposes of this action, that this Court has personal jurisdiction over Defendant. Defendant expressly denies that he caused Plaintiff harm.

5. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, admitted, upon information and belief, for purposes of this action, that venue is proper.

Defendant expressly denies Plaintiff's allegations of unfair competition and breach of contractual obligations.

6. Defendant admits, upon information and belief, that Service Logic is a commercial heating, ventilation, and air conditioning ("HVAC") installation and maintenance company. Defendant further admits, upon information and belief, that Service Logic has locations in the United States and Canada. Defendant is without knowledge or information regarding the number of employees employed by Service Logic or the number of locations and therefore, those allegations are denied. Except as expressly admitted herein, denied.

7. It is admitted that Defendant held the title "Director of Operational Accounting." Defendant denies that this title reflected a corporate-director or fiduciary role. No employees reported to Defendant in that position. Defendant's actual duties consisted of financial accounting and financial analysis, and he did not exercise board-level or corporate-director governance authority.

8. Defendant admits that on or about December 12, 2023, he signed an offer letter. The document speaks for itself and is the best evidence of its own content and import. To the extent the allegations in the corresponding paragraph of the Complaint are inconsistent with the document, Denied.

9. The document referenced in the corresponding paragraph of Plaintiff's Complaint speaks for itself and is the best evidence of its own content and import. To the extent the allegations in the corresponding paragraph of the Complaint are inconsistent with the document, Denied.

10. The document referenced in the corresponding paragraph of Plaintiff's Complaint speaks for itself and is the best evidence of its own content and import. To the extent the

allegations in the corresponding paragraph of the Complaint are inconsistent with the document, Denied.

11. The document referenced in the corresponding paragraph of Plaintiff's Complaint speaks for itself and is the best evidence of its own content and import. To the extent the allegations in the corresponding paragraph of the Complaint are inconsistent with the document, Denied.

12. Defendant admits that he had access to certain financial, operational, training, and prospecting materials. Defendant denies that he had access to other categories of information alleged in Plaintiff's Complaint. Except as expressly admitted herein, Denied.

13. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, admitted, upon information and belief, as to certain categories of information, but denied as to other categories of information. Except as expressly admitted herein, Denied.

14. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. The allegation further constitutes an opinion statement, to which no response is required. To the extent a response is required, admitted, upon information and belief, as to certain categories of information, but denied as to other categories of information. Except as expressly admitted herein, Denied.

15. Admitted that Plaintiff used password-protected systems and required certain employees to sign confidentiality agreements. Denied that all categories of information identified in Plaintiff's Complaint constitute "Proprietary Information." Denied that Plaintiff granted employees access to such information solely on a need-to-know basis. Except as expressly admitted herein, Denied.

16. Defendant admits that on or about March 26, 2026, after the March 12, 2026, HMI closing, he was promoted to Group Chief Financial Officer and worked with the Group President to assist on key initiatives and objectives. Defendant's responsibilities did not include acquisition sourcing or target selection; any acquisition-related responsibility concerned post-acquisition integration. Except as expressly admitted herein, Denied.

17. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits that he had authorized access to certain categories of information for his work and denies that all categories identified in the Complaint constitute "Proprietary Information." Except as expressly admitted herein, Denied.

18. The document referenced in the corresponding paragraph of Plaintiff's Complaint speaks for itself and is the best evidence of its own content and import. To the extent the allegations in the corresponding paragraph of the Complaint are inconsistent with the document, Denied.

19. The document referenced in the corresponding paragraph of Plaintiff's Complaint speaks for itself and is the best evidence of its own content and import. To the extent the allegations in the corresponding paragraph of the Complaint are inconsistent with the document, Denied.

20. The document referenced in the corresponding paragraph of Plaintiff's Complaint speaks for itself and is the best evidence of its own content and import. To the extent the allegations in the corresponding paragraph of the Complaint are inconsistent with the document, Denied.

21. The document referenced in the corresponding paragraph of Plaintiff's Complaint speaks for itself and is the best evidence of its own content and import. To the extent the allegations in the corresponding paragraph of the Complaint are inconsistent with the document, Denied.

22. The document referenced in the corresponding paragraph of Plaintiff's Complaint speaks for itself and is the best evidence of its own content and import. To the extent the allegations in the corresponding paragraph of the Complaint are inconsistent with the document, Denied.

23. The document referenced in the corresponding paragraph of Plaintiff's Complaint speaks for itself and is the best evidence of its own content and import. To the extent the allegations in the corresponding paragraph of the Complaint are inconsistent with the document, Denied.

24. The document referenced in the corresponding paragraph of Plaintiff's Complaint speaks for itself and is the best evidence of its own content and import. To the extent the allegations in the corresponding paragraph of the Complaint are inconsistent with the document, Denied.

25. The document referenced in the corresponding paragraph of Plaintiff's Complaint speaks for itself and is the best evidence of its own content and import. To the extent the allegations in the corresponding paragraph of the Complaint are inconsistent with the document, Denied.

26. Admitted, upon information and belief.

27. Defendant admits that he formed Hickory Mechanical HVAC and Plumbing, Inc. as a ROBS/401(k) acquisition vehicle. The entity did not operate HMI before or after closing up

to the date of this response and had no customers, employees, revenue, invoices, trucks, or operating business. To the extent the remaining allegations imply that forming the entity constituted the acquisition or operation of HMI, Denied.

28. The document referenced in the corresponding paragraph of Plaintiff's Complaint speaks for itself and is the best evidence of its own content and import. To the extent the allegations in the corresponding paragraph of the Complaint are inconsistent with the document, Denied.

29. Denied.

30. Denied.

31. Defendant admits that, on limited occasions, he used the Service Logic-issued laptop to access personal email, personal OneDrive, and Hickory email, and that some Hickory-related communications may have occurred during Service Logic business hours. Defendant denies that he used Service Logic funds, Service Logic email, shared drives, business model, or proprietary information to build or operate HMI. Except as expressly admitted herein, Denied.

32. Defendant admits that the referenced transaction included seller-financing and a correlation between payments and financial targets. Defendant denies the existence of an Asset Purchase Agreement. Except as expressly admitted herein, Denied.

33. Admitted that Defendant did not inform Service Logic of the HMI transaction or "bring the HMI opportunity to the attention of Service Logic." Except as expressly admitted herein, Denied.

34. Denied.

35. Denied.

36. Defendant is without sufficient knowledge or information to admit or deny the allegations in the corresponding paragraph of Plaintiff's Complaint and as such, Denied.

37. Admitted.

38. Denied.

39. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, the documents referenced in the corresponding paragraph of Plaintiff's Complaint speak for themselves and are the best evidence of their own content and import. To the extent the allegations in the corresponding paragraph of the Complaint are inconsistent with the documents, Denied. Except as expressly admitted herein, Denied.

40. Denied. Defendant expressly denies accessing the referenced documents while on suspension from Service Logic.

41. Denied.

42. Admitted that Plaintiff terminated Defendant's employment on June 1, 2026, and characterized the termination as being "for cause." Denied that the termination was validly or properly for cause.

**COUNT I**

*Breach of Contract*

43. The answers contained in the foregoing paragraphs are hereby incorporated by reference, as though fully set forth herein.

44. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, Denied.

45. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, Denied.

46. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, Denied.

47. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, Denied.

48. The allegations in the corresponding paragraph of the Complaint constitute legal opinions/conclusions, to which no response is required. To the extent a response is required, Denied.

49. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, Denied.

50. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, Denied.

51. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, Denied.

52. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, Denied.

**COUNT II**

*Breach of Fiduciary Duties*

53. The answers contained in the foregoing paragraphs are hereby incorporated by reference, as though fully set forth herein.

54. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, Denied.

55. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, Denied.

56. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, Denied.

57. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, Denied.

58. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, Denied.

59. The allegation contained in the corresponding paragraph of Plaintiff's Complaint constitutes a legal conclusion, to which no response is required. To the extent a response is required, Denied.

**WHEREFORE**, Defendant respectfully prays this Court as follows:

1. That Plaintiff's claims be dismissed in their entirety against Defendant;
2. That Plaintiff have and recover nothing of Defendant;
3. That all costs and reasonable attorneys' fees be taxed against Plaintiff;
4. That Defendant have a trial by jury, on all issues so triable; and
5. For such other and further relief as this Court deems just and proper.

This, the 24th day of August, 2026.

**JAMES, MCELROY AND DIEHL, P.A.,**
*Counsel for Defendant*

By: /s/ Joseph H. Karam
Joseph H. Karam, NCSB # 54520
525 N. Tryon St., Suite 700
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
jhkaram@jmdlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing document with the Clerk of Court using the Court's E-file & Serve system and that this document was served upon all counsel of record via the Court's electronic service system as follows:

MSHC, Inc. d/b/a Service Logic
c/o Taft, Stettinius and Hollister, LLP
Attn: Benjamin S. Morrell
111 E. Wacker, Suite 2600
Chicago, IL 60601
bmorrell@taftlaw.com

MSHC, Inc. d/b/a Service Logic
c/o Taft, Stettinius and Hollister, LLP
Attn: George Musekamp
Attn: Brian G. Dershaw
301 E. 4th St., Suite 2800
Cincinnati, OH 45202
gmusekamp@taftlaw.com
bdershaw@taftlaw.com

This, the 24th day of August, 2026.

**JAMES, MCELROY AND DIEHL, P.A.**
*Counsel for Defendant*

By: /s/ Joseph H. Karam
Joseph H. Karam, NCSB # 54520
525 N. Tryon St., Suite 700
Charlotte, NC 28202
Telephone: (704) 372-9870
jhkaram@jmdlaw.com